NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4341
_____

HEIKE OBERGANTSCHNIG,
                              Appellant

v.

SAW CREEK ESTATES COMMUNITY ASSOCIATION, INC.;
JAMES ANDREWS; PEGGY SCHAU; ARTIE FURMAN
_____

On Appeal from the United States District Court
for the  Eastern District of  Pennsylvania
District Court  No. 2-12-cv-05911
District Judge: The Honorable J. Curtis Joyner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2014

Before: SMITH, VANASKIE, and SLOVITER, *Circuit Judges*

(Filed:  July 31, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Heike Obergantschnig worked as a dispatch officer for the public safety
department of Saw Creek Estates Community Association (Saw Creek) from
January of 2008 to January of 2011.    After Saw Creek terminated

Obergantschnig's employment, she filed a complaint in the United States District Court for the Eastern District of Pennsylvania. She alleged claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e-2.

After discovery closed, Saw Creek filed a motion for summary judgment on both claims. The District Court granted Saw Creek's motion. This timely appeal followed.[1] We will affirm.

We have carefully reviewed the briefs of the parties and the record before us. We agree with the District Court that Obergantschnig failed to establish that the sexual harassment was sufficiently pervasive. *See Mandel v. M & Q Pkg. Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (listing as an element of a hostile work environment claim that "the discrimination was severe or pervasive"). In addition, we conclude that summary judgment was properly granted on the retaliation claim. The District Court appropriately determined that Obergantschnig's complaints did not constitute protected activity. *See Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 320 (3d Cir. 2008) (noting elements of prima facie case of retaliation under Title VII includes that plaintiff "engaged in a protected activity").

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have final order jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting summary judgment. *Mandel v. M & Q Pkg. Corp.,* 706 F.3d 157, 164 (3d Cir. 2013).